UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRENCE FITCH,

        Plaintiff,

v.

        Case No. 22-cv-514-pp

TRANS UNION,

        Defendant.

## ORDER CONSTRUING PLAINTIFF'S MOTION TO TRANSFER CASE TO RACINE COUNTY CIRCUIT COURT AS MOTION TO REMAND (DKT. NO. 7), GRANTING MOTION AND REMANDING CASE TO RACINE COUNTY CIRCUIT COURT

On April 7, 2022, the plaintiff filed a lawsuit in Racine County Circuit Court (small claims division), alleging that the defendant had violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681. Dkt. No. 1-3 at 2. The defendant filed a notice of removal under 28 U.S.C. §1441 on the ground that this federal court has jurisdiction over the federal question raised in the complaint. Dkt. No. 1 at 1.

On May 17, 2022, the plaintiff filed a motion to transfer the case to the Racine County Circuit Court. Dkt. No. 7. The plaintiff says that he was never given an opportunity to "hear the matter in state prior to the transfer of the case" and that has caused prejudice to himself and his case. Id. The defendant opposes the motion, arguing that it properly removed the complaint because the case could have been filed in federal court. Dkt. No. 8 at 3. The defendant

1

timely filed the notice of removal, see 28 U.S.C. §1446(b)(1); the defendant explains that the plaintiff is not entitled to a hearing in the circuit court and that prejudice is not a basis for remand. Id. at 3, 4.

Under 28 U.S.C. §1441(a), a defendant may remove a civil lawsuit filed in state court to federal court when the lawsuit could originally have been filed in federal court. Schur v. L.A. Weight Loss Centers, Inc., 577 F.3d 752, 758 (7th Cir. 2009). A district court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. The party seeking removal has the burden of demonstrating jurisdiction. Id. The plaintiff's choice of forum is presumed to be valid, and the court must resolve doubts regarding jurisdiction in favor of remand. Schur, 577 F.3d at 758. If the district court lacks subject matter jurisdiction, the court must remand the lawsuit to state court. 28 U.S.C. § 1447(c).

The plaintiff has asked to transfer the lawsuit to Racine County Circuit Court, but because the plaintiff is representing himself, the court suspects he really is asking the court to remand the case to the state court under 28 U.S.C. §1447(c). When the defendant filed the notice of removal in federal court, it attached the state-court complaint, which is nothing more than a one-page form with boxes checked. Dkt. No. 1-3 at 2. The plaintiff checked the box indicating that he was making a claim (he typed in $10,000). Id. In a box titled "Brief statement of dates and facts," the plaintiff typed "Plaintiff brought this action pursuant to the violation of the Fair Credit Report Act against TransUnion." Id. He also checked a box titled "See attached for additional

2

information" but there is no additional information provided. Id. If the plaintiff attached something to the complaint when he filed it in the circuit court, the defendant did not include it with the notice of removal. Id. The court suspects, however, that there were no other attachments because the defendant's brief in opposition to the plaintiff's motion concedes that the plaintiff "does not allege any specific facts as to how Trans Union purportedly violated the FCRA." Dkt. No. 8 at 2. The complaint does not allege that the defendant took any action against him, does not explain what happened or when, and does not explain how or why.

The defendant bears the burden of establishing jurisdiction on removal; given the lack of any factual allegations in the complaint, it is not clear how the defendant can satisfy its burden. Standing is the threshold question in every federal case because federal courts "do not possess a roving commission to publicly opine on every legal question" or "issue advisory opinions." TransUnion LLC v. Ramirez, ___ U.S. ___, 141 S. Ct. 2190, 2203 (2021). The court may resolve only "a real controversy with real impact on real persons." Id. (quoting Am. Legion v. Am. Humanist Assn., ___ U. S. ___, 139 S. Ct. 2067, 2103 (2019)).

To have Article III standing, the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016). An injury-in-fact must be both "concrete and particularized." Id. at 339. An injury is concrete if it is "real, and

3

not abstract." <u>TransUnion LLC v. Ramirez</u>, 141 S. Ct. at 2204 (quoting <u>Spokeo</u>, 578 U.S. at 340).

The complaint contains no factual allegations showing that the plaintiff plausibly suffered an injury from any alleged FCRA violation. Because standing is a threshold jurisdictional issue and there is no indication that the plaintiff has standing to pursue a lawsuit in federal court, the court will grant the plaintiff's motion to remand the case to Racine County Circuit Court.

The court **CONSTRUES** the plaintiff's motion to transfer case to Racine County Circuit Court as a motion to remand and **GRANTS** the motion. Dkt. No. 7.

The court **ORDERS** that this case is **REMANDED** to Racine County Circuit Court without an award of costs or expenses.

Dated in Milwaukee, Wisconsin this 14th day of November, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**